Thomas Lynn SIMMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 65226.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 7, 1981.

**112**

Robert L. Hodge, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Susan W. Crump and George Lambright, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from a conviction for the offense of robbery,[1] enhanced by a single prior conviction. The jury assessed punishment at 20 years confinement in the penitentiary.

In his first ground of error, Appellant complains of the use before the jury of State's Exhibit No. 1, a pocket knife.[2] This exhibit knife was later shown to be the prosecutor's own personal knife. Although the exhibit knife was shown to the complainant when he testified, it was never actually introduced in evidence. However, its use before the jury was tantamount to it having been introduced in evidence. E. g. *Erwin v. State*, 171 Tex.Cr.R. 323, 350

---

1. Appellant was originally indicted for committing the offense of aggravated robbery. For the elements of both offenses, see V.T.C.A. Penal Code, Secs. 29.02 and 29.03.

2. Hereinafter referred to as "the exhibit knife."

S.W.2d 199 (1961). The complainant testified that appellant had held a knife to his throat during the robbery, and he had been superficially cut by the knife on his hands and one arm. He also testified, over objection, that the exhibit knife had a blade of about the same length as the one used in the robbery, and the knife as a whole was "a similar-type knife" to that used in the robbery.

We revisit today the question of whether a weapon or instrumentality, such as a knife, that was not the one actually used in the commission of an offense, is admissible in evidence if it is only identified by a witness as being "similar to" or "looks like" the weapon actually used. See *Hicks v. State*, 508 S.W.2d 400 (Tex.Cr.App.1974); *Jackson v. State*, 486 S.W.2d 764 (Tex.Cr. App.1972); *Wilson v. State*, 163 Tex.Cr.R. 202, 289 S.W.2d 597 (1956). We have held that the lack of positive identification of such an exhibit affects the weight of the object as evidence, rather than its admissibility. *Binyon v. State*, 545 S.W.2d 448 (Tex.Cr.App.1976). Conversely, a weapon or instrumentality obtained from the defendant upon his arrest is not admissible if it is not "similar" to the one used in the offense for which the defendant is being tried, unless relevant to some other issue. See *Schuenemann v. State*, 501 S.W.2d 319 (Tex.Cr.App.1973); *Cunningham v. State*, 500 S.W.2d 820 (Tex.Cr.App.1973).

It has been held by this Court that it is not error to display a "linoleum knife" or a "banana knife" before the jury when such a type of weapon or instrumentality was used in the commission of the offense alleged at trial. *Ortega v. State*, 462 S.W.2d 296 (Tex. Cr.App.1970) [rape]; *Grant v. State*, 450 S.W.2d 643 (1970) [assault with intent to murder with malice]. It has also been held that it is error not to admit in evidence a stick offered by the defendant, to show the approximate size and shape of one used by the decedent in the altercation which resulted in a murder with malice charge being filed against the defendant. *Wilson v. State*, 49 Tex.Cr.R. 50, 90 S.W. 312 (1905).

Visual, real, or demonstrative evidence, regardless of which term is applied, is admissible upon the trial of a criminal case if it tends to solve some issue in the case and is relevant to the cause—that is, if it has evidentiary value, i. e., if it sheds light on the subject at hand.

Of necessity, such rule contemplates that the article sought to be exhibited to the jury must be shown to be properly identified, as against any idea of speculation, conjecture, or presumption of what the exhibit represents. 18 Tex.Jur., Evidence-Criminal Cases, Sec. 208, p. 329; 20 Am. Jur., Evidence, Secs. 716–18, pp. 600–601. "However, a certain amount of discretion as to [its] receipt in evidence must rest in the trial court." *Washburn v. State*, 167 Tex. Cr.R. 125, 318 S.W.2d 627, 635 (1958).

We hold today that an object, such as a knife, that is *not* an *exact* replica or duplicate of the original is admissible if it is relevant and material to an issue in the trial and is not overly inflammatory, and the original, if available, would have been admissible at trial. Here, the issue of whether the knife used in the robbery was used in a deadly manner was a key element of the offense. The exhibit knife was shown to be "a similar-type knife" with a blade of approximately the same length as the original knife. It had no inflammatory attributes. Its display was, therefore, proper to allow the jury to see "a similar-type" of weapon that was used in the commission of the offense.

Necessarily, a determination of the admissibility of "a similar type" weapon or instrument used in the commission of an offense is made upon the same basis as a decision is made on the admissibility of other types of evidence, and this decision must rest largely in the discretion of the trial judge. E. g. *Lanham v. State*, 474 S.W.2d 197 (Tex.Cr.App.1971).

The lack of positive identification of a weapon or instrumentality used during the commission of a crime affects its weight rather than its admissibility. *Futch v. State*, 376 S.W.2d 758 (Tex.Cr.App.1964). A

weapon or instrumentality that is described as "like," "similar to," "much the same," "pretty much the same," "more or less the same," "something like," "not unlike," "comparable," "resembles," "closely resembles," "close," "same but not the exact one," or described by the use of comparable words or phrases as these, is admissible as an aid to the jury in interpreting and understanding the oral testimony adduced at the trial. The only limitation on this general rule is that *if the weapon or instrumentality* depicted as a replica or duplicate to the original *is not an exact replica or duplicate*, but is merely "similar to" the original, *then its admissibility is subject to the abuse of discretion rule*, even where the original would have been admissible. In other words, if the original weapon or instrumentality used in the commission of the crime is admissible as being competent, material or relevant to an issue on trial, then a replica or duplicate thereof does not become inadmissible simply because it is a replica or duplicate of the original. However, if it is not *an exact* replica or duplicate of the original, then its admissibility is subject to the abuse of discretion rule of law. We recognize there will be cases where, because of the distinguishing characteristics of the replica or the duplicate, when compared to that of the original weapon or instrumentality used in the commission of the crime, the probative value of *the non-exact* weapon or instrumentality will be very slight.

It would be an abuse of discretion to admit the exhibit in evidence under those circumstances. Compare *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.1972) [photographs]. Cf. *Terry v. State*, 491 S.W.2d 161 (Tex.Cr.App.1973) (autopsy photographs).

We overrule appellant's contention that the exhibit knife was inadmissible. We do not find that the trial court abused its discretion in overruling appellant's objection to the prosecutor's display to the jury of the knife that was similar to that used in the commission of the offense.

Appellant also contends that use of the exhibit knife violated the "Best Evidence Rule." However, the Best Evidence Rule applies only to writings or documents, *Smith v. State*, 547 S.W.2d 6 (Tex.Cr.App. 1977), and does not apply to weapons, such as a knife. Appellant's ground of error number one is overruled.

■ Ground of error number two complains of the trial judge's refusal to allow cross-examination of the complaining witness concerning a possible Federal warrant for his arrest for mail fraud. His ground of error is overruled. Such method of impeachment, as a general rule, is clearly improper. See Art. 38.29, V.A.C.C.P.; *Murphy v. State*, 587 S.W.2d 718 (Tex.Cr.App. 1979). An exception to this rule occurs when a State's witness can be shown to have a specific bias or a motivation for testifying which is directly related to a pending criminal charge or extraneous offense. See *Simmons v. State*, 548 S.W.2d 386 (Tex.Cr.App.1977); cf. *Davis v. Alaska*, 415 U.S. 318, 94 S.Ct. 1105, 39 L.Ed. 347 (1974). Such would occur, for example, when a witness has been given immunity or leniency for an outstanding charge, or when the particular offense involves some prior relationship between the witness and the defendant.

Furthermore, we have reviewed the complainant's testimony to determine if when testifying he made any blanket statements that would have opened the door to evidence regarding his problems, if any, with the postal officials. We do not find the door was opened or that the prosecutor allowed any horses to get loose, Cf. *Trippell v. State*, 535 S.W.2d 178 (Tex.Cr.App.1976), that would have permitted the introduction of this type of evidence.

In this case, even if "the mail inspectors [were] looking for [the complaining witness]," such would not show a bias or motivation for testifying such as would allow its admission in evidence as an exception to Art. 38.29, *supra*. If there was indeed any connection between the "mail inspectors" looking for the witness and his testimony in this case, the record does not reflect it. Thus, error, if any, which we do not find, was not properly preserved or perfected.

Ground of error number three asserts that the overruling of appellant's motion for a directed verdict, which motion was based on insufficiency of the evidence, was error.

Upon review by this Court of the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the jury's verdict. *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978); *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977); *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App.1976); and *Jordan v. State,* 506 S.W.2d 217, 221 (Tex.Cr.App.1974).

When viewed in a light most favorable to the verdict, the evidence adduced at trial is as follows:

The evidence reflects that on March 9, 1979, at approximately 9:00 p.m., the complainant was taking a shower in his apartment in preparation for an evening out. As he finished his shower, he heard someone knocking on his front door. Although in the nude, he went into the living room, saw Appellant who then stared at him, immediately told Appellant to leave, and locked the door. Several minutes later, after the complainant finished dressing, he heard another knock on the door. When he opened the door to see who was there, he saw Appellant and two other unknown males, who forced their way into his apartment. Before the complainant could defend himself, Appellant grabbed him by the throat and pushed him onto a bed.

Several minutes later, one of the two men who had accompanied Appellant took the complainant into the kitchen. Later, all three men proceeded to ransack the dresser drawers and go through the complainant's personal items. Appellant then asked one of the other men if he could have a cigarette so that he could burn the complainant's body. Upon hearing of Appellant's intentions, the complainant ran towards the front door and attempted to escape. Appellant then pulled out a knife, knocked the complainant to the floor, and began beating him about the face and shoulders. One of the other men pushed the complainant down as Appellant bit him on the arm.

As the result of the beating, the complainant passed out while on the floor. While in a semi-conscious state, he heard Appellant yell, "You had better wake up or I'll kill you here and now." Appellant demanded the complainant's wallet, which he gave to him.

After obtaining the wallet, Appellant began cutting the complainant's throat. His life was saved when one of the other men grabbed Appellant and told him not to kill the complainant. Appellant then took the complainant's blue sapphire ring and told him that if he called for help, he would be killed. All three men then left the apartment.

The complainant sustained injuries to his eyes, hands, arm, and throat as a result of the attack.

Two days later, on March 11, 1979, the complainant again saw Appellant at the apartment complex. The complainant's brother, who was with him at the time, called the police, and Appellant was subsequently arrested. At the time Appellant was arrested, he was in the company of a woman named Linda Harvey.

On March 26, 1979, the complainant and two plain clothes Houston police officers went to Perky's Restaurant. By pre-arrangement, Appellant met Linda Harvey and obtained from her the blue sapphire ring that had been stolen in the robbery.

These facts are sufficient to sustain the Appellant's conviction for the offense of robbery, and the trial court's overruling of the motion for directed verdict. Ground of error number three is overruled.

Ground of error number four contends that the court's charge to the jury failed to apply the law to the facts. As to the offense of robbery, the charge stated:

Now if you find from the evidence beyond a reasonable doubt that *at the said time and place* and on the occasion in question the defendant, Thomas Lynn Simmons, did while in the course of committing theft of property owned by [the complainant] and with intent to obtain or

maintain control of the property intentionally or knowingly threatened or placed the said [the complainant] in fear of imminent bodily injury or death but that the same was committed without the use or exhibition of a deadly weapon, then you will find the defendant guilty of robbery.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of robbery. (Emphasis added)

Appellant failed to object to the charge as it was presented to the jury. Thus, no error can be considered that is not fundamental. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979). Fundamental error is error "calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial." *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974).

It has long been held that: "[T]he [court's] charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone." *Cain v. State*, 154 Tex.Cr.R. 284, 226 S.W.2d 640 (Tex.Cr.App.1950). See also *Jackson v. State*, 591 S.W.2d 820 (Tex.Cr.App.1980).

The crux of appellant's ground of error is the failure of the charge to specifically state *the date and place of the commission of the alleged acts* in the above quoted portion of the charge. However, the first paragraph of the whole charge states: "The defendant, Thomas Lynn Simmons, stands charged by indictment with the offense of aggravated robbery, *alleged to have been committed on or about the 9th day of March, A.D.1979 in Harris County, Texas.*" (Emphasis added)

In the complained of application of the law to the facts, the charge includes the following: "at the said time and place and on the occasion in question." Elsewhere in the charge, the jury was instructed that the offense of robbery is a lessor included offense of the offense of aggravated robbery, which was alleged in the indictment.

When read together, we find the above portions of the charge clearly inform the jury that before they were permitted to find appellant guilty, they had to find beyond a reasonable doubt that appellant committed the offense of robbery on March 9, 1979, in Harris County, Texas.

Although it is preferable to include the date of the alleged act in each application of the law to the facts in a charge to the jury, we find that this charge, when read as a whole, did not injure appellant's right to a fair trial.

Ground of error number four is overruled.

The judgment is affirmed.