**Charles Harold BINGHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0204–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 14, 1982.
Rehearing Denied March 11, 1982.

Robert O. Pelton, Houston, for appellant.

Larry P. Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

DYESS, Justice.

The appellant was convicted of aggravated assault. The punishment, which was a mandatory assessment based on the jury's findings that the appellant had been convicted twice before of felonies, was fixed at life imprisonment.

■ In his first ground of error, the appellant complains of the trial court's refusal to submit a requested charge on the lesser included offense of resisting arrest.

As the appellant asserts, the offense of resisting arrest under Tex.Penal Code Ann., Sec. 38.03, (Vernon 1974) can be a lesser included offense of aggravated assault on a peace officer under Sec. 22.02(a)(2). However, we disagree with the appellant's contention that, since the evidence in this record shows that the peace officer, Gordon, was attempting to search the appellant in jail when the offense occurred, the appellant is therefore entitled to an instruction on resisting arrest.

As recently as *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980) (opinion on motion for rehearing), the Court of Criminal Appeals considered the proper test to be applied in determining whether the evidence requires submission of a lesser included offense. As we view the *Watson* opinion, resolution of the appellant's contention requires examination of the evidence presented to determine if there was any testimony raising the issue that if the appellant " . . . were guilty at all, he was guilty only of the lesser included offense." *Watson*, at 884.

The pertinent facts will be summarized. The testimony of Deputy Gordon reveals, that, just before the assault, he had decided to search the appellant's person because of the inmate's refusal to tuck his shirttail inside his pants. The appellant began to place his hands on the wall according to the officer's instructions, but then swung his arm at Gordon and a physical struggle ensued. In the altercation that followed, Gordon's cell keys fell to the floor; Gordon leaned down to pick up the keys; and at this moment the appellant produced a "scrub brush" with which he struck Gordon several times on the head.

From the foregoing it appears that the appellant's initial resistance to the attempted search was not the act upon which the aggravated assault prosecution was founded; rather, it was based upon the subsequent beating of Gordon over the head with the scrub brush while the officer was bent over and in the act of retrieving his keys. We conclude that there was nothing in Gordon's testimony to indicate that the appellant was guilty only of resisting arrest.

The appellant chiefly relies on *Sutton v. State*, 548 S.W.2d 697 (Tex.Cr.App.1977). The *Sutton* case differs from the case before us in that the one and only act of force in *Sutton* was the defendant's initial response to the officer's touching of his arm in order to turn him around and place him against the police car. Upon being touched by the officer the defendant, in raising his arm, hit and broke the officer's glasses and caused a slight gash on the officer's forehead. In the instant case, on the contrary, while the appellant swung at the officer during the initial search attempt, the appellant then pulled out a scrub brush concealed on his person, and clubbed Gordon several times about the head while the officer was bent over in the act of picking up his keys. It was undisputed that these blows caused bodily injury requiring medical treatment. Such evidence did not entitle the appellant to a resisting arrest instruction under the test enunciated in *Watson v. State, supra*. See also, *Wright v. State*, 582 S.W.2d 845 (Tex.Cr.App.1979).

Upon looking to the evidence offered by the defense we find that while the appellant did not testify, he did call two other inmates of the county jail. The witness, Bass, testified that while in his cell he heard noises which caused him to look up and see Gordon and the appellant struggling. At that point the appellant seemed to be attempting to free himself from Gordon's

grasp. Bass also saw the appellant strike Gordon "a couple of times" with the scrub brush and then try to bite Gordon before the officer fled. He testified further that after Gordon had left, a conversation between him and the appellant transpired as follows:

A. He said he was in trouble and I asked him what happened and he told me that Mr. Gordon was messing with him like he did me that day about my shirttail and I said why didn't you just tuck it in and he said because his pants would fall down and he said Mr. Gordon hit him and so he said that he couldn't stand to let Mr. Gordon just beat on him so he had to beat him back and he said he was in worser trouble now for hitting Mr. Gordon.

Q. Why did he tell you he hit Mr. Gordon back?

A. Because Mr. Gordon hit him, he said, out there in the hallway.

Q. Did he say anything else about why he hit Mr. Gordon? Did he tell you he was afraid, that's why he hit Mr. Gordon?

A. Oh, yes, he did say he was afraid.

The appellant's other witness, Gordon Hall, testified that while he was in his cell he heard a noise and, upon looking up, saw Gordon and the appellant fighting. He saw the appellant strike Gordon with the brush, whereupon Gordon then ran through a doorway, locking the door behind him.

A review of the testimony of Bass and Hall if believed, shows the appellant to be guilty of more than resisting arrest. The issue which their testimony did raise was that the appellant acted in self-defense and this issue was submitted to the jury in the charge.

Since neither the testimony of Deputy Gordon nor that of the defense witnesses Bass and Hall raised the issue of the appellant's guilt only of resisting arrest, the trial court's refusal to charge the jury regarding that offense was proper. The appellant's first point of error is overruled.

■ The appellant, in his second ground of error, complains of the error of the trial court in permitting the display before the jury of an allegedly similar scrub brush—i.e. similar to the one used by the appellant to assault Deputy Gordon.

A brief review of the evidence indicates that as Deputy Gordon bent over to retrieve his keys, the appellant struck him on the head with a "scrub brush". Gordon described this item as a brush used to clean plumbing fixtures. Due to the unavailability of Detective Nixon, who had tagged the original scrub brush, Gordon was shown, and he identified before the jury, a different brush from the one actually used by the appellant in his attack on Deputy Gordon. The officer described the brush on display as being similar to the one used by the appellant and on two occasions stated that the scrub brush on display was "an exact replica" of the scrub brush used on him by the appellant.

In our view no error is presented under the facts of this case. It is our opinion that the very recent decision in *Simmons v. State*, 622 S.W.2d 111 (Tex.Cr.App., 1981) supports our view and is dispositive of the appellant's second point of error. In *Simmons*, an exhibit knife was shown to the complainant when he testified, but it was never actually introduced in evidence. To quote from *Simmons*, "However, its use before the jury was tantamount to it having been introduced in evidence. E.g. *Erwin v. State* [171 Tex.Cr.R. 323], 350 S.W.2d 199 (1961)." *Simmons*, at 112.

In *Simmons*, the evidence of the complaint indicated that the appellant had held a knife to the complainant's throat during the robbery and that he had been cut slightly by the knife on his hands and one arm. The complainant also testified, over objection, that the blade of the exhibit knife was about the same length as that of the one used in the robbery; further, that the knife as a whole was "a similar-type knife" to that used in the robbery.

Because of the very close parallel between our fact situation and the facts in *Simmons*, and with the identical legal question present in both cases, we quote further from page 3 of the court's opinion in *Simmons* as follows:

The lack of positive identification of a weapon or instrumentality used during the commission of a crime affects its weight rather than its admissibility. *Futch v. State* [Tex.Cr.App.], 376 S.W.2d 758 (1964). A weapon or instrumentality that is described as "like," "similar to", "much the same," "pretty much the same," "more or less the same," "same but not the exact one," or described by the use of comparable words or phrases as these, is admissible as an aid to the jury in interpreting and understanding the oral testimony adduced at the trial. The only limitation on this general rule is that *if the weapon or instrumentality* depicted as a replica or duplicate to the original *is not an exact replica or duplicate,* but is merely "similar to" the original, *then its admissibility is subject to the abuse of discretion rule . . .*, *Simmons*, at 113–114.

We do not find that the trial court abused its discretion in overruling the appellant's objection to the prosecution's display to the jury of the scrub brush that was used in the commission of the offense. That use of such a visual aid is not improper, see generally *Clay v. State*, 592 S.W.2d 609 (Tex.Cr.App.1980).

■ By his third ground of error the appellant claims that the trial court erred in overruling the appellant's objection based on the variance between the date of conviction in the indictment, which alleged October 3, 1975, as the date of conviction, and the filing date of the mandate of affirmance on December 22, 1975. The appellant claims that this error deprived him of a fair trial, in the respect that he was not given sufficient notice of the conviction that was to be used against him.

The second enhancement allegation in the indictment alleges the conviction of the appellant for burglary with intent to commit theft in Cause No. 192,634 in Harris County, Texas, on October 3, 1975. By way of establishing this conviction, the State introduced a certified and exemplified "pen packet" which showed a sentence date of October 3, 1975, an affirmance of the con-

viction by the Court of Criminal Appeals on December 3, 1975, and a filing date of the mandate of affirmance in the trial court of December 22, 1975. The "pen packet" hereinabove referred to was the State's Exhibit No. 7; the State connected this exhibit to the appellant through a comparison of fingerprints contained within said "pen packet" to known prints of the appellant.

The appellant's contention that the indictment, in alleging this prior conviction, should have alleged as the date of conviction December 22, 1975, the date the mandate of affirmance was received by the clerk of the trial court, rather than October 3, 1975, the date that the appellant was actually sentenced, is without merit. *Rener v. State*, 416 S.W.2d 812, 814 (Tex.Cr.App. 1967) and *Goodale v. State*, 146 Tex.Cr.R. 568, 177 S.W.2d 211 (1944). The appellant's third ground of error is therefore overruled.

The judgment is affirmed.