TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00534-CR







Lewis Espinoza, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,202, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of capital murder. Tex. Penal Code Ann. § 19.03
(West 1994). Because the State waived the death penalty, the district court assessed punishment
at imprisonment for life.

 On November 16, 1994, appellant lured Albert Gauna to an apartment in Temple
for the purpose of robbing and killing him. After Gauna arrived at the apartment, appellant and
two friends seized Gauna and began to beat and kick him about the head and upper body. 
Appellant also hit Gauna's head repeatedly with a pistol. After Gauna was unconscious, appellant
bound him with duct tape. Appellant and his companions then took Gauna to a field in a remote
area of Bell County where appellant fatally shot him twice in the head.

 In three points of error, appellant contends the district court erred by overruling
the motion to suppress his written confession, by admitting photographs of Gauna's body, and by
admitting in evidence a pistol that was not the murder weapon. We will overrule these points of
error and affirm the judgment.

 Appellant was arrested by Mexican police in Reynosa, Tamaulipas, Mexico, five
months after the shooting. Federal Bureau of Investigation agent Pedro Rivas, of the bureau's
McAllen office, was with the Mexican police. After it was determined that appellant was not a
Mexican citizen, he was released to Rivas's custody and taken to the Hidalgo County jail in
Edinburg. The following day, after being advised of his rights, appellant gave an oral confession
to Rivas and a second F.B.I. agent, James Davidson. Appellant then agreed to dictate his
statement to Davidson, who typed the confession as appellant spoke. This written confession was
introduced in evidence as State's exhibit two. Appellant contends the confession was inadmissible
for two reasons.

 First, appellant urges that he was not advised of his rights by the person to whom
he confessed, as required by statute. Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (West 1979). 
Section 2(a) provides that a written statement resulting from custodial interrogation is inadmissible
unless it is shown that the defendant was first advised of his rights by a magistrate or the person
to whom the statement was made. Appellant was not taken before a magistrate until after he
confessed. The evidence reflects that appellant was advised of his rights by Rivas in Davidson's
presence, after which appellant orally confessed to both agents. Thereafter, Rivas left the room
from time to time as appellant dictated his written statement to Davidson. Because Davidson was
present when appellant was given the statutory warnings, no violation of section 2(a) is shown. 
Lugo-Lugo v. State, 650 S.W.2d 72, 82-83 (Tex. Crim. App. 1983).

 Next, appellant contends his confession was induced by deception. Rivas testified
that he first spoke to appellant in Reynosa one month before the arrest, posing as a possible buyer
of a used car parked at the house where appellant was living. Following the arrest, when
appellant asked Rivas who he was, Rivas said he was "just with him [the Mexican officer]." 
Rivas did not identify himself as an F.B.I. agent until after appellant was in custody in the United
States. Accepting appellant's characterization of Rivas's conduct as "deception," we conclude the
district court did not abuse its discretion by refusing to suppress appellant's confession. A
confession induced by deception or trickery is not inadmissible unless the method used was
calculated to produce an untruthful confession or was offensive to due process. Dotsey v. State,
630 S.W.2d 343, 349 (Tex. App.--Austin 1982, no pet.). Rivas's failure to disclose his identity
to appellant in Mexico was not shown to be calculated to produce an untruthful confession. 
Appellant knew Rivas and Davidson were F.B.I. agents when he confessed. 

 The district court found that appellant's confession was not induced or coerced by
any combination of force, threats, persuasion, intimidation, or promises, and that the confession
was made freely and voluntarily. The evidence supports these findings. Finding no abuse of
discretion in the district court's overruling of the motion to suppress, we overrule point of error
one.

 In point of error two, appellant contends the district court erroneously admitted
State's exhibits five through eleven, color photographs of Gauna's body taken at the scene where
it was found. The photographs were taken from various angles and show the many injuries
inflicted during the assault and murder. Appellant argues that due to their gruesomeness and
number, the probative value of the photographs was outweighed by the danger of unfair prejudice. 
Tex. R. Crim. Evid. 403. Appellant also urges that one of the photographs, exhibit ten, should
not have been admitted because the body had been disturbed.

 Appellant does not deny that the exhibits were relevant evidence regarding the
nature of the offense. If the photographs were gruesome, they did no more than depict the reality
of the brutal crime. When the power of visual evidence emanates from nothing more than what
the defendant has done, we cannot hold that the trial court abused its discretion by admitting the
evidence. Sonnier v. State, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995). Appellant asserts that
an excessive number of photographs of Gauna's body were admitted, but the exhibits in question
were not cumulative of each other or of the other photographs admitted without objection. While
the admission of fewer photographs of the body probably would not have lessened the strength
of the State's case, we cannot say that the district court abused its discretion by determining that
the photographs were more probative than prejudicial. Alvarado v. State, 912 S.W.2d 199, 213
(Tex. Crim. App. 1995). In exhibit ten, Gauna's body, which was found lying face down in the
field, was turned to show duct tape stuck to his chest. This change of the body's position made
the photograph more probative and did not unfairly prejudice appellant. Point of error two is
overruled.

 In his final point of error, appellant contends the State should not have been
permitted to display before the jury a pistol that was not used in the commission of the offense. 
Appellant shot Gauna with a Lorcin .380 semiautomatic pistol. Appellant threw the pistol in a
lake after the murder and it was never found. The State asked permission to show the jury a
different Lorcin .380 that a witness to the assault said was identical to that wielded by appellant. 
Over appellant's objection, the district court ruled that the pistol could "be used as demonstrative
evidence, but [was] not to be admitted in evidence." The pistol was shown to the jury and a
photograph of the weapon appears in the record as defense exhibit one.

 It cannot be doubted that the actual murder weapon would have been admissible
at trial. The pistol in question was shown to be substantially identical in appearance to the murder
weapon. The district court did not abuse its discretion by admitting the pistol as demonstrative
evidence. Simmons v. State, 622 S.W.2d 111, 113-14 (Tex. Crim. App. 1981). Point of error
three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: March 27, 1996

Do Not Publish



who he was, Rivas said he was "