*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00586-CR

Robert **ROBLEDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2534
Honorable Fred Shannon, Judge Presiding[1]

Opinion by:    Rebecca Simmons, Justice

Sitting:       Rebecca Simmons, Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed: August 19, 2009

AFFIRMED

Robledo appeals his conviction for aggravated sexual assault. On appeal, Robledo contends: (1) the evidence is legally and factually insufficient to prove he used or displayed a deadly weapon during the offense; (2) the trial court abused its discretion by allowing the State to introduce a demonstrative knife into evidence; (3) the trial court abused its discretion by not affording him an opportunity to take the State's expert on voir dire to question her regarding her qualifications prior

---

[1] Sitting for the Honorable Maria Teresa Herr.

to her testimony; and (4) the trial court abused its discretion in allowing the State's expert witness to testify without qualifying her as an expert. We affirm the trial court's judgment.

## BACKGROUND

On February 1, 2006, Robledo drove up to the complainant, Blanca Mosqueda, and represented to her that he was an undercover police officer. Robledo, who was not actually a police officer, told Mosqueda that he intended to arrest her for soliciting and engaging in prostitution. After Mosqueda got into Robledo's vehicle, she became suspicious of Robledo and demanded to see his badge. Robledo became upset when Mosqueda began questioning him and drove her to an abandoned building.

Robledo parked his vehicle near a loading dock so that Mosqueda could not exit the vehicle and moved to Mosqueda's side of the vehicle. After getting in front of Mosqueda, Robledo told Mosqueda to undress. He then began to hit Mosqueda and pulled out an old lock-blade knife with gold tips when Mosqueda refused to comply with his demands. Robledo instructed Mosqueda to "shut the fuck up"; otherwise, "he was going to kill [her]." According to Mosqueda, the look in Robledo's eyes convinced her that Robledo was going to kill her if she refused to cooperate. Because Mosqueda feared for her life, Mosqueda agreed to cooperate with Robledo.

Robledo held his knife behind Mosqueda's back and ripped off Mosqueda's clothing. Robledo proceeded to engage in several sexual acts with Mosqueda, including intercourse. Once he completed all of his sexual acts, Robledo returned to the driver's side of the vehicle and ordered Mosqueda to "get the fuck out of the car." Mosqueda complied, and Robledo drove off. Mosqueda located a security guard, who immediately contacted the police.

Mosqueda gave the police Robledo's license plate number and identified Robledo as her attacker during a photographic lineup following the assault. The police subsequently arrested Robledo and found an older lock-blade knife and traces of bodily fluid on the passenger side of his vehicle.[2] A buccal swab obtained from Robledo following his arrest revealed that he contributed the DNA deposited on Mosqueda's person during the assault. Robledo was charged with committing aggravated sexual assault, and a jury found him guilty as charged in the indictment. Robledo was sentenced to 35 years imprisonment and fined $10,000. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

Robledo complains the evidence is legally and factually insufficient to prove he used or displayed a deadly weapon during his sexual assault of Mosqueda. When reviewing the legal sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In considering a factual sufficiency challenge, we look at the evidence in a neutral light giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

---

[2] It is undisputed that the knife confiscated from Robledo's vehicle was not the knife Mosqueda observed Robledo using or displaying during the attack.

The Texas Penal Code provides a person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of another person, without that person's consent, and uses or exhibits a deadly weapon in the course of the same criminal episode. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i); (2)(A)(iv) (Vernon 2003). A deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B). Although a knife is not a deadly weapon per se, a knife may be a deadly weapon based on the nature of its use or intended use. *Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio 2007, pet. ref'd). "When no actual injury is sustained by the victim, the prosecution must introduce evidence of other factors to establish that the knife is a deadly weapon." *Id.* These factors may include: the size, shape, and sharpness of the knife; the manner of its use or intended use; the nature or existence of inflicted wounds; evidence of the knife's life-threatening capabilities; the physical proximity between the victim and the knife; and any words spoken by the one using the knife. *Id.* No one factor is determinative, and the fact finder must examine each case on all of its facts to determine whether the knife is a deadly weapon. *Bailey v. State*, 46 S.W.3d 487, 491-92 (Tex. App.—Corpus Christi 2001, pet. ref'd). The prosecution does not have to introduce the knife into evidence to prove the knife was a deadly weapon. *Magana*, 230 S.W.3d at 414.

Although a weapon matching the victims's description was never recovered by the police, the State presented the jury with an old lock-blade knife confiscated from Robledo's vehicle upon his arrest. The State presented this knife as a demonstrative aid to assist the jury in understanding the witnesses' testimony relating to the knife used and displayed by Robledo. An examination of the demonstrative knife reveals a weapon with an overall length of 6 1/4 to 6 1/2 inches and blade

length of 3 inches. According to one of the State's witnesses, the demonstrative knife "fit the description pretty much" of the knife used by Robledo during the assault.

In addition to the demonstrative evidence relating to the approximate size and shape of the knife used by Robledo, the record shows the State also presented the jury with evidence concerning the manner of the knife's use or intended use; evidence of the knife's life-threatening capabilities; the physical proximity between Mosqueda and the knife; and the words spoken by Robledo as he held the knife. The record shows the jury heard testimony that Robledo trapped Mosqueda inside his vehicle before making his advances on her. According to Mosqueda, Robledo positioned his vehicle near a loading dock of an abandoned building and then moved to her side of the vehicle. Once directly in front of her, the jury heard that Robledo hit Mosqueda and overtly displayed his knife to her. Robledo then put Mosqueda in fear for her life by threatening to kill her if she did not comply with his demands. Finally, the jury heard Robledo held his knife behind Mosqueda's back as he performed his sexual acts upon her. Such testimony furnished the jury with sufficient additional facts from which it could conclude Robledo's knife constituted a deadly weapon under the circumstances.

Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support a finding that Robledo used and displayed a deadly weapon against Mosqueda. *See Miller v. State*, 177 S.W.3d 1, 4-5 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding evidence was legally sufficient to show knife was a deadly weapon where appellant restrained his victim at knife point after threatening to kill him and the record demonstrated victim complied with his assailant's demands because he feared for his life). Moreover, when all of the evidence is viewed in a neutral light, we cannot say the jury's finding is manifestly unjust or against

the great weight of the evidence. Therefore, we further conclude the evidence is factually sufficient to support a finding that Robledo used and displayed a deadly weapon against Mosqueda.[3]

### ADMISSION OF DEMONSTRATIVE EVIDENCE

Robledo contends the trial court erred in admitting State's Exhibit No. 7, the old lock-blade knife introduced by the State for demonstrative purposes, because it was not relevant. We review a trial court's admission of demonstrative evidence for an abuse of discretion. *See Simmons v. State*, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981). It is within the trial court's discretion to admit into evidence a similar type weapon or instrument used in the commission of an offense if it is relevant and material to an issue in the case, is not overly inflammatory, and the original, if available, would be admissible. *Id.* "A weapon or instrumentality that is described as 'like,' 'similar to,' 'much the same,' 'pretty much the same,' 'more or less the same,' 'something like,' 'not unlike,' 'comparable,' 'resembles,' 'closely resembles,' 'close,' 'same but not the exact one,' or described by the use of comparable words or phrases as these, is admissible as an aid to the jury in interpreting and understanding the oral testimony adduced at the trial." *Id.* at 113-14.

State's Exhibit No. 7 is a knife resembling the one used by Robledo against Mosqueda. Although the victim described the weapon used by Robledo as having gold tips, whereas State's Exhibit No. 7 did not, one of the State's witnesses testified, without objection, that the State's demonstrative knife "fit the description pretty much" of the knife used by Robledo. When a key issue in a case is whether a knife was used in a deadly manner, a knife similar to the one used during

---

[3] Robledo argues the only evidence showing he allegedly used or displayed a deadly weapon was Mosqueda's testimony suggesting she feared for her life after observing his knife. Robledo contends evidence concerning Mosqueda's subjective fear is not enough to prove he used or displayed a deadly weapon. However, as detailed above, the record shows the State presented evidence of multiple other factors from which the jury could assess whether the knife used against Mosqueda was a deadly weapon. Consequently, we are unpersuaded by Robledo's contention.

the offense is admissible as demonstrative evidence. *Johnson v. State*, 919 S.W.2d 473, 477 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding similar knife admissible in aggravated robbery case); *Posey v. State*, 763 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (same). A key issue in the present case is whether the knife possessed by Robledo during the sexual assault was used or displayed in a deadly manner. The original knife would certainly have been admissible if it was available in this case; therefore, we believe the demonstrative knife resembling the one wielded by Robledo during the attack was admissible to assist the jury in understanding the trial witnesses' testimony concerning Robledo's knife. Accordingly, we hold the trial court properly admitted the demonstrative knife as evidence.

### EXPERT WITNESS'S QUALIFICATIONS

Robledo also claims the trial court erred in allowing the State's expert witness, Joan Wells, a licensed counselor, to testify about the common characteristics and traits of assault victims. Robledo contends the trial court should have excluded Wells's testimony because Wells was not qualified as an expert witness. In the alternative, Robledo argues the trial court should have at least given him the opportunity to take Wells on voir dire to question her regarding her qualifications prior to her testimony.

To preserve error for appellate review, an appellant must make a timely, specific objection and obtain an adverse ruling. TEX. R. APP. P. 33.1(a); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005). Additionally, an appellant's complaint on appeal must comport with the objection made at trial; otherwise, the appellant has preserved nothing for review. *Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003). Turning to the issues before us, the record is devoid of any trial objections on the bases challenged by Robledo on appeal. Robledo did not object in the

trial court to Wells's testimony on the ground that the State had not properly qualified her as an expert witness. Nor did Robledo make a request to take Wells on voir dire outside the presence of the jury to contest her qualifications. Because Robledo failed to raise any objections in the trial court on the bases challenged on appeal, he has not preserved his complaints for our consideration.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.


Rebecca Simmons, Justice


DO NOT PUBLISH