# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-10-00704-CR

---

**Larry Dayries, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-10-300102, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Larry Dayries guilty of aggravated robbery and assessed punishment, enhanced by two previous felony convictions, at seventy years' imprisonment. *See* Tex. Penal Code Ann. § 29.03 (West 2011). Appellant contends that the evidence is insufficient to support the guilty verdict and that the trial court erred by admitting two photographs. We overrule these contentions and affirm the conviction.

On January 12, 2010, appellant entered an Austin grocery store and ordered a sandwich at the prepared foods counter. After eating the sandwich, appellant ordered a second sandwich, which he said was for a friend. The department supervisor became suspicious of appellant's behavior and brought him to the attention of the store's loss prevention officer. As this officer watched, appellant put the second sandwich in his coat pocket and walked out of the store without paying.

The loss prevention officer, Lance Johnson, testified that he followed appellant out of the store, identified himself, and asked appellant to re-enter the store. Appellant told Johnson that he was not through shopping, but he continued to walk away from the store. Johnson said that he then attempted to block appellant's path. At this point, appellant pulled a knife from his pocket and opened it. Johnson described the knife as having a curved and serrated three-inch blade and a three-inch handle, both metal. Johnson testified that he "kind of back[ed] up a little bit" and told appellant that he was "making this a bigger deal than it needs to be." Johnson took out his cell phone and warned appellant that he would call the police. Appellant began to lunge at Johnson, swinging the knife as he did so. Johnson said that "[e]very time he lunges, I take a step back, and then I called 911."

Johnson testified that as he was backing away from appellant to maintain a safe distance, he realized that he was standing beside appellant's car. Appellant opened the driver's door and got in the car. Johnson said that he tried to prevent appellant from closing the door, but appellant "[took] one more swipe up at my arm." Appellant drove away before the police arrived, but Johnson was able to describe appellant, the car, and the license plate number. Johnson testified that appellant's use of the knife during this encounter placed him in fear of imminent bodily injury or death.

Appellant testified that he did not intend to steal the sandwich. He said that he walked out of the store to look for his friend, who was supposed to meet him at the store and pay for the food. Appellant said that Johnson approached him, cursed, and claimed to be a police officer. Appellant testified that he tried to leave because Johnson was being verbally abusive. Appellant said

that he took his knife from his pocket while trying to find his car keys. He denied opening the knife or brandishing it at Johnson.

Under the indictment in this cause, the State had the burden to prove that, in the course of committing theft and with the intent to obtain or maintain control of the property, appellant intentionally or knowingly threatened or placed Johnson in fear of imminent bodily injury or death, and that he used or exhibited a deadly weapon, the knife, while doing so. *See id*. §§ 29.02(a)(2), .03(a)(2) (West 2011). Appellant contends that the evidence is insufficient to support a finding that he placed Johnson in fear of imminent bodily injury or death.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether, after viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The reviewing court may impinge on the trier of fact's discretion only to the extent necessary to guarantee the fundamental protection of due process of law. *Id*. The *Jackson* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to prove the defendant's guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

Appellant urges that Johnson's claim that he feared imminent injury or death is belied by the evidence of his conduct. Johnson testified that he attempted to maintain a safe distance after appellant brandished the knife. Johnson also continued his attempts to prevent appellant from leaving the scene. Appellant argues that "it may not be said that Johnson's subjective state during

3

the encounter was fearful. A person in fear of death or serious bodily injury would not have continued to try to detain a robber."

Appellant's argument fails to take into account that the State had only to prove that he threatened *or* placed Johnson in fear of imminent bodily injury. We must assume that the jury believed Johnson's testimony describing how appellant lunged and slashed at him with the open knife. We conclude that this testimony rationally supports a finding that appellant threatened Johnson with serious bodily injury. Given appellant's conduct, it was also rational for the jury to believe Johnson's testimony that he feared serious bodily injury. There being no other challenge to the sufficiency of the evidence, issue one is overruled.

In his second issue, appellant urges that the trial court erred by admitting in evidence two photographs, State's exhibits 4 and 5, each a picture of a knife. The photographs were offered and admitted for demonstrative purposes only. Demonstrative evidence is admissible if it is relevant and material to an issue in the case and is not overly inflammatory, and if the original would have been admissible. *Simmons v. State*, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981). Appellant contends that the photographs were unfairly inflammatory and prejudicial. *See* Tex. R. Evid. 403. He argues that the object shown in exhibit 4 looks "like anything *but* a knife. Instead, it looks like a deadly mechanism of some kind." He asserts that the knife pictured in exhibit 5 is larger than the knife described by Johnson.

The actual knife wielded by appellant, had it been found by the police, would certainly have been admissible. Johnson testified that the handle of the knife shown in exhibit 4 is similar to the handle of appellant's knife, and that the blade of the knife shown in exhibit 5 is similar

4

to the blade of appellant's knife. We have examined the photographs. Contrary to appellant's arguments, the object shown in exhibit 4 is plainly a knife, and the blade of the knife shown in exhibit 5 closely matches Johnson's description of appellant's knife (it is curved, serrated, and approximately three inches long). We find no abuse of discretion in the admission of these exhibits. Issue two is overruled.

The judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   August 30, 2011

Do Not Publish