

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0443-CR

_____

Ignacio Garcia-Fernandez, Appellant

v.

The State of Texas, Appellee

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 2011-5783-2, Honorable Ronald Walker Jr., Presiding

May 1, 2013

## MEMORANDUM OPINION

Before QUINN, CJ., and CAMPBELL and PIRTLE, JJ.

Ignacio Garcia-Fernandez was convicted of driving while intoxicated and sentenced to 150 days in the Randall County jail and a fine of $500, probated for one year. He contends the trial court erred in admitting a video demonstration of the horizontal gaze nystagmus (HGN) test for demonstrative purposes. We affirm the judgment.

We review the trial court's decision for abuse of discretion. *Shuffield v. State,* 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). On appeal, appellant argues that the video was not relevant and violated Rule 403 of the Rules of Evidence in that its probative value was subtantially outweighed by the danger of unfair prejudice.[1]

The two to three minute video was admitted only for demonstrative purposes to show what an officer sees when he is conducting the HGN test for signs of intoxication.[2] There was no audio portion to the video, and the court did not allow any testimony to occur during its presentation. The video showed two sets of eyes – one intoxicated and one sober. Outside the presence of the jury, the State represented to the court that it was produced by the Texas District Attorney and County Attorney Association. The State also argued that the jury would not understand HGN without seeing how the eyes move.

Demonstrative evidence is admissible as a visual aid or illustration. *Hartsock v. State,* 322 S.W.3d 775, 778 (Tex. App.–Fort Worth 2010, no pet.). It must be relevant to the issues involved in the case and shed light on the subject at hand. *Simmons v. State,* 622 S.W.2d 111, 113 (Tex. Crim. App. 1981). Trooper Dennis Brassfield testified that he had watched the video, that the video "demonstrates what horizontal gaze nystagmus looks like," that it "shows the difference in how a person reacts, being sober and being at an intoxicated level," and that he believed that it would be helpful to the

---

[1] To the extent that appellant complains on appeal that the video was not authenticated in front of the jury, he did not make that objection to the trial court. *See Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (stating that the objection made at trial must comport with that made on appeal). The same is true with respect to appellant's argument that the video did not provide the jury with the criteria necessary for a correct evaluation of intoxication as well as the requirements for a valid test.

[2] Horizontal gaze nystagmus is an involuntary jerking of the eyes which can be caused by the use of alcohol.

jury in understanding his testimony regarding HGN. The court also instructed the jury that the video was "for demonstration purposes only," that it "clearly is not the Defendant that you are going to see on this video," that the State "has offered this as an explanation of this witness's opinion or testimony . . . for that limited purpose only," that it's "not to be considered for the truth of the matter, and it's certainly not to be considered as evidence whatsoever in a personal sense pertaining to the Defendant, as it is not the defendant in this video." After the video had been viewed by the jury, Brassfield explained how he conducted the HGN test, stated that he performed the test on appellant, and that he found appellant had all six clues. He also testified to appellant's performance on other field sobriety tests.

The video was relevant to explain the trooper's testimony as to the HGN test and helpful to the jury to show what an officer would look for in conducting the test. Moreover, the jury was clearly instructed that it was not appellant's eyes on the video, which served to mitigate any potential for unfair prejudice. That being so, the trial court did not abuse its discretion in admitting it. *See Hartsock v. State,* 322 S.W.3d at 779-80; *see also Thrasher v. State,* No. 2-09-00334-CR, 2010 Tex. App. LEXIS 4973, at *2 (Tex. App.–Tyler June 30, 2010, no pet.) (not designated for publication) (the jury viewed the DPS instructional video demonstrating how the HGN test was given and what it is designed to detect).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.


3