

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00276-CR

ROY SANCHEZ,

                              **Appellant**

 v.

THE STATE OF TEXAS,

                              **Appellee**

---

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 18-01736-CRF-361**

## MEMORANDUM OPINION

A jury found Appellant Roy Sanchez guilty of two counts of sexual assault of a child. The trial court assessed his punishment at forty-eight years confinement in the penitentiary for each count, ordered the periods of confinement to run concurrent, and sentenced Sanchez accordingly. Sanchez appealed. In his sole issue, Sanchez argues that the trial court abused its discretion by admitting into evidence for demonstrative purposes a transcript of the audio track of a video recording of a conversation between

Sanchez and C.S., the victim. The video recording itself had already been admitted into evidence for all purposes. We affirm.

## Preservation

Before addressing the merits of Sanchez's issue, we must first address the threshold question of whether Sanchez's issue was properly preserved for appellate review.

AUTHORITY

Rule 33.1 of the Texas Rules of Appellate Procedure provides that to preserve a complaint for appellate review, a party must make the complaint to the trial court by a request, objection, or motion. TEX. R. APP. P. 33.1(a). The request, objection, or motion must be timely and sufficiently specific to make the trial court aware of the grounds for the complaint, unless the specific grounds are apparent from the context. *Berry v. State*, 233 S.W.3d 847, 857 (Tex. Crim. App. 2007). To avoid forfeiting a complaint on appeal, the party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in a position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). This gives the trial judge and the opposing party the opportunity to correct any error. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Whether a party's particular complaint is preserved also depends on whether the complaint on appeal comports with the complaint made at trial. *Id.*; *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

DISCUSSION

At trial, Sanchez first challenged the admissibility of the transcript outside the presence of the jury, arguing:

> …I believe that the transcript is hearsay and hearsay without exception. It also violates the Sixth Amendment confrontation clause. It has not been sworn, verified to. It is not an official document. I don't even know who created said document. There's no timestamp on it. There's nothing to suggest that Joe Blow off the street didn't write something and say, this is what I think was heard.

> Some of it is accurate. Some of it reads in portions saying that this audio is unclear. I think there are a few words that are misspoken or misinterpreted. It lacks the credibility and value that this jury would need to rely on. I understand that the State would be willing to ask the Court for a limiting instruction and the Court has addressed and said that in the past you've given limiting instructions.

> It would be imprudent of me not to object to it on those grounds and also on the grounds that these are human beings in this box and as much as we don't want them to rely on it, it's just as easy for them to say, well, let's look at what the transcript says. I think this Court is aware that jurors do things that they've been instructed not to do all the time. You can't un-ring said bell. . . .

> . . . .

> . . . [I]n this regard we are contesting it as hearsay without exception.

The trial court overruled the objection and granted Sanchez a running objection. The trial court did not admit the transcript at that time, stating that admission was premature because no witness had testified that the "specific transcript mirrors State's [Exhibit] 1." Sanchez then made an additional objection, stating: "[J]ust so the record is clear, a second objection to that would have been a Sixth Amendment confrontation clause issue in regards to who made that transcript." The trial court also overruled that objection.

The jury was returned to the courtroom, and the State called C.S. to testify, during which the State offered the transcript for demonstrative purposes. Sanchez objected to the admission of the transcript again at that time, stating:

> I'm going to object to the transcript coming in as this is not the person who created that transcript. I don't believe that she can verify the accurateness of it.
>
> Again, there's a Sixth Amendment issue as to being able to confront the person who actually made said transcript and the transcript is unsworn and unverified.

The trial court overruled the objection and admitted the transcript as demonstrative evidence with a limiting instruction to the jury.

On appeal, Sanchez argues primarily that the trial court erred in admitting the transcript based on the Rule 403 balancing test. Sanchez also briefly mentions the authenticity and relevance of the transcript. However, Sanchez did not object at the trial court based on Rule 403 or relevance; therefore, these complaints have not been preserved for appellate review. *See Reyna*, 168 S.W.3d at 179. Regarding the authenticity complaint, it is worth noting that Sanchez's objection to authenticity at trial was to the authentication witness more so than the authenticity of the transcript, as alleged on appeal. We nevertheless assume without deciding that Sanchez preserved his complaint as to the authenticity of the transcript.

**Merits**

We now turn to the merits of Sanchez's issue, to the extent that it was preserved for appellate review.

AUTHORITY

The admission of demonstrative evidence is reviewed for an abuse of discretion. *Pugh v. State*, 639 S.W.3d 72, 91 (Tex. Crim. App. 2022); *Simmons v. State*, 622 S.W.2d 111, 114 (Tex. Crim. App. 1981). If the trial court's ruling that a jury could reasonably find proffered evidence authentic is at least "within the zone of reasonable disagreement," a reviewing court should not interfere. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

A trial court does not abuse its discretion to admit demonstrative evidence if the evidence: 1) is authenticated, 2) is relevant, and 3) has probative value that is not substantially outweighed by the danger of unfair prejudice. *Pugh*, 639 S.W.3d at 84. Under Rule 901, authentication requires the proponent to establish that the evidence proffered is what it purports to be. TEX. R. EVID. 901(a). Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence. *Tienda*, 358 S.W.3d at 638.

DISCUSSION

On both direct examination and voir dire, C.S. testified that she had a chance to review the transcript in comparison to the video recording of the conversation she had with Sanchez and repeatedly stated that the transcript accurately reflected the video recording. She also testified that parts of the audio track were unclear or difficult to hear and that the transcript would be helpful to the jury to understand what was said on the video recording. Given that C.S. was a part of the conversation contained on the video

recording and had a chance to review the transcript to verify whether it accurately reflects the contents of the video recording, she qualified as a proper witness able to establish the authenticity of the transcript for purposes of Rule 901. *See Tienda*, 358 S.W.3d at 638. And Sanchez had the opportunity to confront and cross-examine her. Therefore, the trial court did not abuse its discretion in admitting the transcript as demonstrative evidence.

## Conclusion

For the foregoing reasons, we overrule Sanchez's sole issue and affirm the trial court's judgments.

MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Rose[1]
(Chief Justice Gray concurs.)
Affirmed
Opinion delivered and filed November 30, 2023
Do not publish
[CRPM]



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.