**Terry Eugene ORRICK, Appellant,**

v.

**The STATE of Texas.**

**No. 2–98–593–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 15, 2000.

J. Rex Barnett, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Section, Steven W. Conder, Lloyd Welchel, D.D. Handy, Asst. Dist. Attys., Fort Worth, for appellee.

Before DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

GARDNER, Justice.

### I. Introduction

Appellant Terry Eugene Orrick appeals from his conviction for driving while intoxicated. In one point on appeal, Appellant contends that the admission of an unopened bottle of vodka as demonstrative evidence at Appellant's trial constituted reversible error under rules 401, 402, and 403 of the Texas Rules of Evidence. We affirm.

### II. Factual Background

At around 11:00 p.m. on December 17, 1996, Officers B.E. Ladd and J.R. Thompson of the Fort Worth Police Department clocked Appellant's car traveling at 54 m.p.h. in a 35 m.p.h. zone. After they followed Appellant's car and saw it weaving from the lane closest to the curb into the center lane and crossing the white dividing line two or three times, the officers pulled Appellant over.

According to Officer Thompson's testimony, he asked Appellant for his driver's license and proof of insurance, which Appellant produced after "fumbling" through his wallet. Thompson related that he smelled alcohol on Appellant's breath and inside the car. Thompson also testified that Appellant slurred his speech and that his eyes were bloodshot and watery.

When Officer Thompson returned to his patrol car to run a license check, Appellant got out of his car and began walking towards the patrol car. Thompson saw that Appellant "swayed and staggered" as he walked. Thompson met Appellant at the rear of Appellant's car. At that point, Appellant told Thompson that he had been up since 2:00 a.m. the previous morning and that he had been taking Prozac. According to Thompson, when asked whether he had been drinking, Appellant stated that he had consumed "a little bit to drink, but not too much." Thompson testified that he believed that Appellant had drunk an excessive amount of alcohol. He then called the DWI unit to the scene.

Officer Otto Janke of the DWI unit testified that he administered the horizontal gaze nystagmus test (HGN), the walk-and-turn test, and the one-leg stand test. Janke testified that Appellant exhibited all six clues of intoxication on the HGN test. Furthermore, Janke testified that, on the walk-and-turn test, Appellant did not wait for Janke to finish his instructions. Appellant performed poorly on the heel-to-toe task and had to use his arms for balance instead of keeping them at his side as instructed. Finally, Janke testified that, on the one-leg stand test, Appellant put his foot down after five or six seconds rather than waiting the requisite thirty seconds, and he continued to put his foot down three more times during the test. Janke also opined that Appellant had lost the normal use of his mental and physical faculties because of alcohol. Appellant was subsequently arrested for DWI.

After Appellant was placed under arrest, Officer Thompson inventoried Appellant's car. Thompson testified that he found a bottle of Taaka vodka that was approximately ⅛ full in the car's center console, which was within Appellant's reach. Thompson stated that the bottle was not tagged as evidence and remained in Appellant's car when it was impounded. He did

not test the bottle's contents to determine whether it was vodka or water. At trial, State's Exhibit 4, a full, sealed bottle of Taaka vodka, was offered and admitted as demonstrative evidence.

Appellant and his wife testified at trial. Appellant's wife testified that she had seen Appellant at approximately 7:00 p.m. on the evening of the arrest and that he had not been drinking. She further stated that, during the ten years she had known Appellant, he had never taken more than one drink on any one occasion. She also testified that Appellant suffered from degenerative discs in his cervical vertebra and that he had undergone surgery for these problems, ultimately resulting in titanium rods being placed on both sides of the vertebra in his neck.

Appellant testified that when he was stopped, he was on his way home from looking at new cars at several dealerships. Appellant related that, when he was pulled over, Officer Thompson initially issued a citation to Appellant. However, when Appellant wrote on the citation that he requested a hearing, Thompson became angry, ordered Appellant out of the car, and administered field sobriety tests. Appellant testified that the bottle found in his car contained water, not vodka. Appellant further explained that he rarely drank alcohol and that the last time he remembered drinking was in the summer of 1995.

The jury found Appellant guilty and sentenced Appellant to 45 days' confinement and a $225 fine, probated for 24 months.

### III. DEMONSTRATIVE EVIDENCE

In his sole point on appeal, Appellant contends that the admission of State's Exhibit 4 for demonstrative purposes constituted reversible error under rules 401, 402, and 403 of the Texas Rules of Evidence. Specifically, Appellant argues that the demonstrative purpose for which the unopened bottle of vodka was admitted was not relevant to the charged offense under rules 401 and 402. Appellant further argues that, even if the unopened vodka

bottle is held to be relevant to the charged offense, it should have been excluded under rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice to Appellant.

 A trial court's admission of demonstrative evidence is reviewed under an abuse-of-discretion standard. *Kelly v. State,* 824 S.W.2d 568, 574 (Tex.Crim.App. 1992); *Montgomery v. State,* 810 S.W.2d 372, 390–93 (Tex.Crim.App.1990) (op. on reh'g). The trial court does not abuse its discretion if its ruling lies within the "zone of reasonable disagreement." *Montgomery,* 810 S.W.2d at 391.

Rule 402 of the Texas Rules of Evidence sets out the general rule of admissibility of evidence:

All relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible.

TEX.R.EVID. 402.

Under rule 401 of the Texas Rules of Evidence:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

*Id.* 401.

 To be admissible as demonstrative evidence, the object or thing must in some manner be relevant to the issues involved in the case and have evidentiary value; that is, it must shed light on the subject at hand. *Simmons v. State,* 622 S.W.2d 111, 113 (Tex.Crim.App.1981); *Sorensen v. State,* 856 S.W.2d 792, 794 (Tex. App.—Beaumont 1993, no pet.); *Vollbaum v. State,* 833 S.W.2d 652, 657 (Tex.App.— Waco 1992, pet. ref'd); *Reyna v. State,* 797 S.W.2d 189, 193 (Tex.App.—Corpus Christi 1990, no pet.); *Tezino v.. State,* 765 S.W.2d 482, 486 (Tex.App.—Houston [1st

Dist.] 1988, pet. ref'd). An object, which is not an exact replica of the original used in the commission of a crime, may be admissible if:

(1) the original is not available;

(2) if available, the original would be admissible;

(3) it is relevant *and* material to an issue in controversy;

(4) its probative value outweighs any inflammatory effect; and,

(5) the jury is instructed that the object is not the object used in the commission of the crime, and is to be considered by the jury solely as evidence that *demonstrates* or *illustrates* what the object used in the offense looks like.

*Simmons,* 622 S.W.2d at 113; *Devis v. State,* 18 S.W.3d 777, 785 (Tex.App.—San Antonio 2000, no pet.); *Miskis v. State,* 756 S.W.2d 350, 352 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

■ However, the substitute object should have no inflammatory attributes. *Miskis,* 756 S.W.2d at 352. Furthermore, when it is not an exact replica and differs in its distinguishing characteristics, "the probative value of the non-exact weapon or instrumentality will be very slight." *Simmons,* 622 S.W.2d at 114; *Miskis,* 756 S.W.2d at 352.

At trial, Appellant testified that at the time of his arrest there had been a bottle in his car, but that it contained water, not vodka. He described the bottle as "an old whiskey bottle" without any labels or markings, which had been given to him years before and which he habitually carried in his car.

On cross-examination by the State, the prosecutor showed Appellant State's Exhibit 4, which was a new, unopened, and fully labeled bottle of Taaka vodka. The prosecutor then asked Appellant if that bottle was similar in shape to the bottle in

his car at the time of his arrest. When Appellant agreed that State's Exhibit 4 was the same shape and size as the one he had carried, the prosecutor asked that the trial court admit it into evidence for demonstrative purposes.

■ Appellant objected to the admission of the vodka bottle as not being the best evidence, not being similar to the bottle found in Appellant's car, and being highly prejudicial to Appellant.[1] A hearing was held outside the presence of the jury and the trial court subsequently overruled Appellant's objections and admitted State's Exhibit 4 "for demonstrative purposes only, merely for the shape and size of the bottle and not the contents."

■ Here, we believe that the trial court abused its discretion by admitting State's Exhibit 4 as demonstrative evidence. Applying the criteria governing admissibility of demonstrative evidence, we fail to recognize how State's Exhibit 4 was relevant and material to an issue in controversy. Appellant was charged with driving while intoxicated, which required the State to prove that Appellant was intoxicated while operating a motor vehicle in a public place. Tex.Penal Code Ann. § 49.04(a) (Vernon Supp.2001). We reject the State's contention that the shape and size of the unopened replica of the open liquor bottle supposedly found in Appellant's car gave the jury "a better opportunity to determine whether the original bottle was the type in which one would carry water" or whether it contained the remainder of its original alcoholic contents. The shape and size of the original bottle was not a contested issue, not an element of the offense, and not an evidentiary fact from which an elemental fact could be inferred. Likewise, there was no dispute as to the nature of the bottle because both police officers and Appellant agreed that it was a liquor bottle. In sum, the purpose

---

1. We believe Appellant's objections were sufficiently specific to make the trial court aware of the complaints under rule 401, 402, and 403, and to preserve error for purposes of our review of the admissibility of the bottle under those rules. Tex.R.App.P.33.1(a); *Taylor v. State,* 939 S.W.2d 148, 154–55 (Tex.Crim.App. 1996).

for which State's Exhibit 4 was admitted did not aid the jury in resolving any material contested issue, nor was it probative of any fact of consequence as to Appellant's guilt or innocence. This evidence was not relevant and should have been excluded on those grounds.[2] Although the trial court abused its discretion, our analysis does not end there.

In order to warrant reversal of his conviction, Appellant must show that the erroneous admission of this evidence affected his substantial rights. TEX. R.APP.P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). We review the record as a whole to determine whether the error had a substantial influence on the jury's verdict. *Mosley v. State*, 983 S.W.2d 249, 260 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

The jury heard the following evidence establishing the charged offense of driving while intoxicated:

1. On December 17, 1996, Officer Ladd observed Appellant driving 54 m.p.h. in a 35 m.p.h. zone, and Officer Thompson observed him weaving between two lanes.
2. Appellant's breath and car smelled of alcohol, and he slurred his speech.
3. When Appellant got out of his car, he swayed and staggered as he walked.
4. Appellant told Officer Thompson that he had had a little to drink.
5. Officer Janke requested that Appellant submit to field sobriety tests.
6. On the HGN test, Appellant's eyes lacked smooth pursuit and had a distinct jerkiness; exhibiting six clues for intoxication.
7. On the walk-and-turn test, Appellant did not wait for instructions and used his arms to balance himself.
8. On the one-leg stand test, Appellant put his foot down four times.
9. Officer Thompson opined that Appellant was intoxicated based on his breath, speech, walk, and eyes.
10. Officer Janke concluded that Appellant had lost the normal use of his mental and physical faculties due to the introduction of alcohol into his body.

In light of this evidence demonstrating that Appellant was both driving and intoxicated, there is no reason to believe that the admission of the vodka bottle substantially swayed the jury to find him guilty of driving while intoxicated. We hold that, in the context of the entire case against Appellant, the trial court's error in admitting the unopened liquor bottle as demonstrative evidence did not have a substantial or injurious effect on the jury's verdict and did not affect Appellant's substantial rights. *King*, 953 S.W.2d at 271. We overrule Appellant's sole point.

### IV. CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's judgment.

---

2. Having determined that the trial court should have excluded the evidence under rules 401 and 402, we need not address whether it should have been excluded under rule 403.