Opinion issued November 17, 2005

















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00031-CR
____________

FELIX ONWUKWE, Appellant

V.

THE STATE OF TEXAS, Appellee



 
On Appeal from the Criminal County Court at Law No. 11
Harris County, Texas 
Trial Court Cause No. 1228197
 

 
 
O P I N I O N
          A jury found appellant, Felix Onwukwe, guilty of the offense of theft of
property worth more than $50 but less than $500.


 After assessing his punishment at
confinement for 180 days and a fine of $200, the trial court suspended the sentence
and placed appellant on community supervision for two years. In two issues,
appellant contends that the trial court erred in admitting demonstrative evidence and
that the evidence was factually insufficient to support his conviction. We affirm. 
Factual and Procedural BackgroundJeremy Moye, a Wal-Mart store loss prevention associate, testified that, on or
about March 29, 2004 at approximately 2:00 p.m., he saw appellant place five
watches into a shopping cart while shopping at a Wal-Mart store. Moye found
appellant’s positioning of the items in the basket to be highly suspicious, and he,
along with his co-worker, Kathy Lucas, decided to monitor appellant. As Moye and
Lucas followed and watched appellant, appellant attempted to conceal the watches
within a vacuum cleaner box. When the watches would not fit into the vacuum
cleaner box, appellant returned the box to its original location. Appellant then
selected a “Wind Tower” fan box, cut the packaging tape to open the box, concealed
the watches inside, and used Wal-Mart tape from a store shelf to reseal the “Wind
Tower” box. Appellant proceeded to the checkout line and paid for the “Wind
Tower” fan and some produce and shirts that he had selected while shopping. After
appellant exited the store, Moye approached appellant and asked him to return to the
store. Moye lead appellant to the loss prevention office where Moye opened the
“Wind Tower” box and recovered the watches and a pair of reading glasses. At this
point, appellant asked to pay for the merchandise. Moye reported the incident to the
Houston Police Department, and appellant was arrested for the theft of five watches,
a pair of glasses, and the tape used to reseal the box.
          Lucas, a loss prevention trainee, testified that she, along with Moye, saw
appellant select five watches from the jewelry department. Moye instructed Lucas
that, in his experience, the multiple selection of the same item can often be an
indication of an intent to steal. Moye and Lucas followed appellant as he proceeded
to the domestics section, opened up a vacuum cleaner box, circled the department,
and then returned the box to its place. Appellant next selected a “Wind Tower” fan
box, cut the box open with a razor, lifted the flap, and put the watches inside the fan
box. Appellant sealed the box with tape and proceeded to the register to pay for the
“Wind Tower” fan, some shirts, and produce. After appellant exited the store with
the watches concealed in the fan box, Lucas and Moye approached appellant and
asked him to return to the store. Inside the loss prevention office, Moye opened the
box and “poured out the fan and the watches fell along with it and the glasses.” 
Appellant then asked if he could pay for the merchandise. After Moye called the
Houston Police Department to report the incident, Lucas refunded appellant’s
purchase of the fan and shirts.
          Appellant testified that he drove to the Wal-Mart store on his lunch break in
order to purchase fruit, and, while there, he also decided to purchase some clothing
and a fan. As appellant was leaving the store, an alarm sounded and a loss prevention
officer stopped appellant and asked to investigate what was setting off the alarm. 
Appellant testified that he and Moye entered a small room where Moye, with
appellant’s back turned to him, searched the contents of appellant’s cart and began
writing a report of the incident. Moye produced five watches in a blue Wal-Mart bag,
took pictures of the merchandise as well as appellant, and called the Houston Police
Department. As police officers arrested appellant, appellant heard Moye state that,
“he was going to get all these foreigners one at a time in this store.” Appellant stated
that he did not see Moye remove the watches from the fan box, and he denied stealing
any merchandise. Demonstrative Evidence 
            In his first issue, appellant argues that the trial court erred in admitting
demonstrative evidence as it should not have allowed the State to present an empty
ceramic heater box with dimensions different from the “Wind Tower” fan box
allegedly used in the commission of the theft. Appellant asserts that (1) an exact
replica of the “Wind Tower” fan box was available to the State; (2) the probative
value of the empty ceramic heater box was too weak to outweigh the prejudice to
appellant; and (3) the trial court failed to fully and properly instruct the jury of the
limitations of the evidence. 
          Initially, we note that it is within the trial court’s discretion to admit into
evidence a similar type instrument used in the commission of an offense if it is
relevant and material to an issue in the case, is not overly inflammatory, and the
original, if available, would be admissible. Simmons v. State, 622 S.W.2d 111, 113
(Tex. Crim. App. 1981); Fletcher v. State, 902 S.W.2d 165, 166 (Tex.
App.—Houston [1st Dist.] 1995, pet. ref’d). The lack of positive identification of an
instrumentality used during the commission of an offense affects its weight rather
than its admissibility. Simmons, 622 S.W.2d at 113–14; Fletcher, 902 S.W.2d at
166–67. If the weapon or instrumentality depicted as a replica is not an exact replica
or duplicate, but is merely “similar to” the original, then its admissibility is subject
to an abuse of discretion. Simmons, 622 S.W.2d at 111, 113. An abuse of discretion
occurs when the trial court acts without reference to guiding rules or principles or acts
arbitrarily or unreasonably. Galliford v. State, 101 S.W.3d 600, 604 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d).
 
Availability of Original
          Relying on Simmons, appellant asserts that “a non-exact replica is admissible
only if the original is not available.” However, the Texas Rules of Evidence allow
parties to present all evidence that is relevant and material to an issue in the trial court
unless its probative value is outweighed by the danger of unfair prejudice. Tex. R.
Evid. 402, 403. Moreover, Simmons does not mandate that the original instrument
used in the offense be “unavailable” as a prerequisite to the admissibility of an object
that is not an exact replica or duplicate of the original. Rather, Simmons merely
requires that the “the original, if available, would be admissible.” 622 S.W.2d at 113. 
To the extent that other intermediate courts of appeals have attributed such an
“unavailability” requirement to Simmons, we note our respectful disagreement. See
Devis v. State, 18 S.W.3d 777, 785 (Tex. App.—San Antonio 2000, no pet.); Orrick
v. State, 36 S.W.3d 622, 626 (Tex. App.—Fort Worth 2000, no pet.); Miskis v. State,
756 S.W.2d 350, 352 (Tex. App.—Houston [14th Dist.] 1988, pet. ref’d).
Unfair Prejudice
          Appellant next argues that the “probative value of the [ceramic heater box] 
. . . does not outweigh the prejudicial effect its use had on the jury” because the
ceramic heater box had different dimensions than the box allegedly used in the
commission of the offense and, as opposed to the box allegedly used in the
commission of the theft, the ceramic heater box was empty. Appellant asserts that the
State’s use of the empty ceramic heater box implied that appellant could have easily
slipped the stolen items into the box. Appellant also complains that, during the trial,
the State referred to the ceramic heater box as the actual box used in the commission
of the crime. 
          Initially, we note that the test propounded by appellant differs from the
standard mandated by the Texas Rules of Evidence, which provides that all relevant
evidence may be admitted unless its probative value is “substantially outweighed by
the danger of unfair prejudice.” Tex. R. Evid. 402 (emphasis added). Demonstrative
evidence is admissible at trial of a criminal case if it tends to resolve some issue in
the case and is relevant. Simmons, 622 S.W.2d at 113. Additionally, an article sought
to be exhibited to the jury must be shown to be properly identified, as against any idea
of speculation, conjecture, or presumption of what the exhibit represents. Id. 
          Here, the state noted that it was using the ceramic heater box only for the
purpose of demonstrating the approximate dimensions of the box allegedly used in
the commission of the offense. Additionally, the trial court noted, in front of the jury,
that the box “was offered just as [a] similar box.” The testimony of the witnesses
made clear that the actual box used in the commission of the offense had slightly
varying dimensions and was not empty. The record also reveals that the jury was able
to view the dimensions of the replica “Wind Tower” box presented by appellant.
          Again, “[d]emonstrative evidence is admissible if it tends. . . to shed light on
the subject at hand.” Simmons, 622 S.W.2d at 113. The exhibit was used to assist the
jury in identifying the manner in which appellant committed the theft. The record
does not demonstrate that the ceramic heater box was overly inflammatory; nor is this
a situation where any distinguishing characteristics of the replica, when compared to
that of the original instrumentality allegedly used in the commission of the offense,
significantly affected the probative value of the exhibited box. See Simmons, 622
S.W.2d at 113. Accordingly, we hold that the trial court did not abuse its discretion
in concluding that the probative value of the ceramic heater box was not substantially
outweighed by the danger of unfair prejudice.
Failure to Properly Instruct Jury
          Finally, although appellant contends that he was entitled to an instruction
explaining to the jury that both the photograph of a vacuum box and the ceramic
heater box introduced into evidence were admitted for limited purposes, appellant did
not ask for any such limiting instruction. When evidence which is admissible as to
one party or for one purpose but not admissible as to another party or for another
purpose is admitted, the court, upon request, shall restrict the evidence to its proper
scope and instruct the jury accordingly. Tex. R. Evid. 105(a). However, “in the
absence of such request, the court’s action in admitting such evidence without
limitation shall not be a ground for complaint on appeal.” Id; Hammock v. State, 46
S.W.3d 889, 893 (Tex. Crim. App. 2001). Here, appellant did not ask the trial court
to give a limiting instruction and, therefore, has waived this complaint on appeal. 
Tex. R. Evid. 105(a).
          We hold that the trial court did not abuse its discretion in admitting the
demonstrative evidence. Accordingly, we overrule appellant’s first issue.
Factual Sufficiency
          In his second issue, appellant argues that the evidence was factually
insufficient to support his conviction because the State’s witnesses were “not
credible.”
          In our factual sufficiency review, we view all of the evidence neutrally, and we
will set aside the verdict “only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met.” Escamilla v. State,
143 S.W.3d 814, 817 (Tex. Crim. App. 2004). When undertaking a factual
sufficiency review, we may not merely substitute our opinion for that of the trier of
fact and determine that we would reach a different conclusion. Merckling v. Curtis,
911 S.W.2d 759, 763 (Tex. App.—Houston [1st Dist.] 1995, writ denied).  
          A person commits the class B misdemeanor offense of theft if he unlawfully
appropriates property valued between $50 and $500 with the intent to deprive the
owner of the property. Tex. Pen. Code Ann. § 31.03(a), (e)(2) (Vernon Supp.
2004–2005). 
          Here, two Wal-Mart employees testified that they saw appellant attempt to
conceal merchandise in the “Wind Tower” fan box and then leave the store without
paying for the concealed merchandise. They testified that they lead appellant to the
loss prevention office and recovered 5 watches and a pair of glasses from the “Wind
Tower” box. Appellant testified that he “did not stuff anything into the fan box.” 
Appellant also presented a replica of the fan box that he had bought at Wal-Mart on
the day of the theft, and he asked Moye to place five watches and a pair of glasses
into the box. Moye admitted that it would be impossible to do so without removing
the styrofoam from the fan box, and although both Lucas and Moye testified that they
did not take their eyes off appellant after he placed the watches in his cart, neither
saw appellant remove styrofoam from the fan box before placing the items into the
box. Further, appellant asserts that the jury should not have given the testimony of
the State’s witnesses a great amount of weight because Moye and Lucas each made
contradictory statements and failed to mention in their reports that appellant asked to
pay for the watches or that styrofoam had been removed from the fan box. 
          A decision is not manifestly unjust merely because the jury resolved conflicting
views of the evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997). Moreover, the jury is the sole judge of the credibility of the
witnesses and the weight to be given their testimony, and the jury may believe or
disbelieve all or any part of a witness’s testimony. Vasquez v. State, 67 S.W.3d 229,
236 (Tex. Crim. App. 2002). 
          We conclude that the verdict is not clearly wrong and that the evidence is not
such that the standard of proof beyond a reasonable doubt could not have been met. 
 Accordingly, we hold that the evidence was factually sufficient to support appellant’s
conviction. 
          We overrule appellant’s second issue. 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.
Publish. Tex. R. App. P. 47.2(b).