NO. 07-06-0104-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2007

______________________________

COLBY W. LYNCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407207; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, Appellant, Colby W. Lynch, was convicted by a jury of injury to a child and sentenced to life imprisonment.  Presenting four issues, Appellant contends (1) the trial court erred by allowing the State to present expert testimony after it failed to comply with pretrial discovery orders, (2) the trial court erred by allowing the State to admit a golf club as demonstrative evidence, (3) the State failed to prove that the object that caused the victim’s injuries was unknown, and (4) the State asserted facts at trial that were not alleged in the indictment.  We affirm.

Appellant was charged with three counts of injury to a child after hospital personnel discovered multiple injuries on his girlfriend’s three-year-old daughter.  The victim was taken to University Medical Center in Lubbock after her mother found her nonresponsive and suffering from seizure-like symptoms in Appellant’s apartment.  Upon arrival, pediatric surgeon Dr. Christopher Blewett diagnosed the victim with a serious head injury caused by blunt-force trauma.  After further observation, Dr. Blewett discovered that the victim also suffered from numerous cuts and bruises that he believed were nonaccidental and indicative of a pattern of abuse.  Investigators learned that the victim lived with her mother and two older brothers in Appellant’s apartment.  As a result of the investigation, Appellant was arrested for child abuse.  

Following his arrest, the State proceeded to jury trial on the count in the indictment alleging that Appellant intentionally and knowingly caused serious bodily injury to the victim  by striking her with an unknown object.  Several days prior to trial, Appellant moved to exclude the State’s expert testimony on the ground that the State failed to comply with pretrial discovery orders.  At a hearing on the motion, the trial court concluded that the State’s witness lists adequately gave notice of the expert witnesses that were expected to testify at trial and denied Appellant’s motion.  Appellant was subsequently convicted and filed this appeal. 

By his first issue, Appellant contends the trial court erred by denying his motion to exclude expert testimony because the State “willfully and intentionally” failed to comply with pretrial discovery orders.  Specifically, Appellant alleges the State failed to timely disclose pictures in its possession and Dr. Blewett’s medical reports and curriculum vitae.  He also alleges the State failed to divulge the nature and summary of its experts’ testimony, which resulted in “trial by ambush” and prejudiced his defense.  We disagree.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000).  We must uphold the trial court's decision to admit the evidence as long as it falls within the zone of reasonable disagreement.  Wheeler v. State, 67 S.W.3d 879, 889 (Tex.Crim.App. 2002); Hernandez v. State, 205 S.W.3d 555, 558 (Tex.App.–Amarillo 2006, pet. ref’d).

Despite Appellant’s contention, we find no record of the pretrial discovery orders that form the basis of his allegations of noncompliance.  The record indicates that the trial court was aware of Appellant's motion for discovery but does not show whether the trial court granted or denied the motion.  Apparently, Appellant’s discovery motion was addressed at a pretrial hearing on April 1, 2005.  At the hearing, defense counsel explained that he had taken advantage of the State’s open-file policy but expressed concern that the files had been updated.  Defense counsel then requested to receive all available medical records at least six weeks prior to trial.  The trial court stated, “I’ll set it 45 days before trial.”

   In response to Appellant’s motion for discovery, the prosecutor informed the court that the State was still receiving updated medical records and that it would plan a meeting with defense counsel in the upcoming weeks to “see what they have and then get copies of all these things to him.”  Following the prosecutor's remarks, the trial court moved on to defense counsel’s next motion.  The record is silent as to whether the State’s proposed meeting ever took place.

In this case the record reflects that there was no oral or written order granting or denying Appellant’s discovery motion.  Because Appellant complains about a violation of a discovery request, we find that the failure to obtain a ruling on his discovery motion leaves nothing for review.  Appellant’s first issue is overruled.

By his second issue, Appellant contends the trial court erred by allowing the State to admit a golf club, similar to one found in Appellant’s apartment, as demonstrative evidence of the weapon used to inflict the injuries sustained by the victim.  On direct examination, the prosecutor questioned Detective Bill Carter about a golf club found leaning against the wall in the victim’s bedroom.  The detective speculated that some of the linear marks found on the victim could have resulted from being struck with that club.  He also testified that investigators did not retrieve the club from Appellant’s apartment.  The prosecutor then introduced a golf club that it believed was similar to the one found in Appellant’s apartment.  The detective confirmed that it had similar characteristics, and the State offered to admit the club for demonstrative purposes.  Defense counsel immediately objected that the club served no purpose but to prejudice the jury and that use of a golf club was not alleged in the indictment.  The trial court overruled Appellant’s objection and the club was admitted.

Citing Miskis v. State, 756 S.W.2d 350 (Tex.App.–Houston [14
th
 Dist.] 1988, pet. ref’d), Appellant contends it was error to admit the club as demonstrative evidence because (1) there was no evidence that the original club was unavailable, (2) there was no evidence that the original club would have been admissible at trial, (3) the club was irrelevant considering the charge alleged in the indictment, (4) the club was more prejudicial than probative, (5) the jury was not instructed that the State’s club was not used in the commission of the offense, and (6) there was no evidence that the State’s club was similar to the club owned by Appellant.  We disagree.

First, Appellant’s objections at trial pertained only to relevance and whether the club was more prejudicial than probative.  Therefore, the remainder of his contentions were not brought to the attention of the trial court and present nothing for review.  
See
 Tex. R. App. P. 33.1(a)(1)(A); Wilson v. State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002) (explaining that objections below that do not comport with those on appeal are generally not preserved for review). With respect to the issues preserved, Appellant contends the evidence has no probative value because the indictment alleged that the victim’s injuries were caused by an “unknown object.”  Without citing any supporting authority, Appellant claims that admitting the club constituted reversible error.

The record, however, reveals that the State did not attempt to prove that the club was the actual object used to inflict the serious bodily injury suffered by the victim.  Instead, the State merely introduced the club as an example of the type of object that could have caused the victim’s linear injuries.  In this regard, we find that the club did have some probative value and did not unfairly prejudice his defense.  Thus, the trial court did not abuse its discretion and we overrule Appellant’s second issue.

By his third issue, Appellant contends the evidence was factually insufficient to support his conviction because the State failed to prove an essential element alleged in the indictment.  He claims that, by submitting evidence that a golf club may have been used, the State disproved that the victim’s injuries were caused by an object unknown to the grand jurors as alleged in the indictment.  Alternatively, he contends that the grand jury should have returned an indictment alleging that he struck the victim with a golf club.  We disagree.

          When an appellant challenges the factual sufficiency of the evidence, we review all the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), 
overruled in part by
 Watson v. State, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006).  We will not reverse a conviction and order a new trial unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury’s verdict.  
Watson
, 204 S.W.3d at 417.  In other words, we cannot conclude that Appellant’s conviction is “clearly wrong” or “manifestly unjust” simply because we disagree with the jury’s verdict.  
Id.
; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

Furthermore, when an indictment alleges that an injury was caused by an unknown object and the evidence at trial does not show what type of object was used, there is a prima facie showing that the object was unknown to the grand jury.  Maston v. State, 819 S.W.2d 839, 847 (Tex.Crim.App. 1991)
.  If, however, the evidence at trial shows that a specific object was used to inflict the injury, an issue is raised with respect to whether the grand jury had information as to the object used.  
Id.  
Only then must the State prove that the grand jury did not know the identity of the object used to inflict the injury and that it used due diligence in its attempt to identify the object.  
Id.

As previously stated, the record in the present case reveals that the State submitted the club as a demonstrative example of the type of object that could have caused the linear marks discovered on the victim.  There was no attempt by the State to show that the victim’s injuries were actually caused by the golf club found in Appellant’s apartment.  In fact, they established evidence to the contrary.  For example, the State elicited testimony from multiple witnesses that the victim’s injuries could just as easily have been caused by a belt, a hand, a fist, a wall, a floor, or any number of unknown household objects.  These witnesses also testified that there was no way of knowing exactly what object caused the victim’s numerous injuries.

The evidence in this case simply does not establish that a golf club was the only possible object that caused the victim’s injuries.  It merely raises that scenario as one of many possibilities.  Thus, the State was not obligated to prove that the grand jury exercised due diligence in ascertaining the identity of the unknown object.
(footnote: 1)  We find that this evidence was sufficient to support the charge alleged in the indictment and the jury’s finding of guilt beyond a reasonable doubt.  Accordingly, Appellant’s third issue is overruled.

By his fourth and final issue, Appellant claims the State committed reversible constitutional error by presenting an indictment alleging that he struck the victim with an unknown object and then “ambushing” him at trial with evidence that the object was a golf club.  Again, the record is clear that the State proceeded on the theory that the victim’s injuries could have been caused by any number of unknown objects.  The golf club was admitted only as a demonstrative exhibit of the type of object that could have caused some of the linear marks on the victim.  The State made no attempt to link the club, or any other object, as the instrument that caused the numerous other injuries to the victim.  Therefore, we overrule Appellant’s fourth issue.

Accordingly, the trial court’s judgment is affirmed.

Patrick A. Pirtle

      Justice

Do not publish.         

FOOTNOTES
1:
Even so, the record shows that the State called the grand jury foreman as its first witness.  She testified that, based on the available evidence, the grand jury was, in fact, unable to determine the exact object used by Appellant.