**Affirmed and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00202-CR

---

### HOLLY LYNETTE HUGHES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 1834277**

---

## M E M O R A N D U M   O P I N I O N

Appellant Holly Lynette Hughes was convicted by a jury of misdemeanor terroristic threat for threatening to murder complainant Pauline Cattan with a hammer. In her sole issue on appeal, appellant claims that the trial court erred when it denied her motion for mistrial after erroneously admitting as demonstrative evidence a hammer similar to the one found at the scene by police. We affirm, concluding that admission of the hammer as demonstrative evidence was not error

and the trial court did not abuse its discretion in denying the requested mistrial.

## I.  Facts and Procedural Background

Cattan was a property manager for the Pelican Reef Apartments located in Seabrook, Harris County, Texas. On June 14, 2012, Cattan was discussing a lease renewal with Cheryl Knight, a tenant at the complex. While Cattan and Knight were walking through the parking lot towards Cattan's office, Cattan saw appellant running towards her and Knight and heard appellant repeatedly screaming, "I'm going to F'ing kill you. I'm going to hit you in the head with this hammer until you're dead." Cattan and Knight ran to Cattan's office and called 911. They remained in the office until the police arrived.

Lakeview Police Officers Deborah Butler and Michael Newton responded to the 911 call. The officers searched the complex for appellant. During the search, Officer Butler saw a hammer with a metal head and a yellowish-orange handle leaning against a tree near appellant's apartment.

Appellant was eventually arrested and charged by information with misdemeanor terroristic threat under Texas Penal Code section 22.07(a)(2). The information alleged:

> HOLLY LYNETTE HUGHES, hereafter styled the Defendant, heretofore on or about JUNE 14, 2012, did then and there unlawfully threaten to commit an offense involving violence, namely MURDER upon PAULINE CATTAN, HEREINAFTER CALLED THE COMPLAINANT, with the intent to PLACE COMPLAINANT IN FEAR OF IMMINENT SERIOUS BODILY INJURY.

The case was tried to a jury. During the course of the trial, the State sought to admit as demonstrative evidence a hammer similar to the one found by Officer Butler at the apartment complex. Appellant's counsel objected to admission of the demonstrative hammer and moved for a mistrial. The trial judge overruled both the

2

objection and the motion for mistrial and admitted the hammer as demonstrative evidence.

The jury found appellant guilty of terroristic threat as charged in the information. Appellant was sentenced to thirty days in jail. Appellant timely appealed.

## II. Standard of Review

A trial court's denial of a motion for mistrial is reviewed under an abuse-of-discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Mistrial is a remedy for a narrow class of highly prejudicial and incurable errors. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A mistrial should be granted only when an objectionable event at trial is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Ketchum v. State*, 199 S.W.3d 581, 600 (Tex. App.—Corpus Christi 2006, pet. ref'd). A trial court can declare a mistrial if "an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error." *Wood*, 18 S.W.3d at 648 (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).

## III. Discussion

The trial court did not abuse its discretion in denying appellant's motion for mistrial because the admission of the hammer as demonstrative evidence was not error. Admitting demonstrative evidence described as "similar" to the actual instrumentality or weapon rests within the sound discretion of the court. *Simmons v. State*, 622 S.W.2d 111, 114 (Tex. Crim. App. [Panel Op.] 1981); *Baker v. State*, 879 S.W.2d 218, 220 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). An

object offered as demonstrative evidence must meet the test of relevancy as well as the limitations imposed by rule 403 of the Texas Rules of Evidence. *Baker v. State*, 177 S.W.3d 113, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We have further indicated that

> [a]n object, which is not an exact replica of the original used in the commission of a crime, may be admissible if:
>
> (1)     the original is not available;
>
> (2)     if available, the original would be admissible;
>
> (3)     it is relevant *and* material to an issue in controversy;
>
> (4)     its probative value outweighs any inflammatory effect; *and*,
>
> (5)     the jury is instructed that the object is not the object used in the commission of the crime, and is to be considered by the jury solely as evidence that *demonstrates* or *illustrates* what the object used in the offense looks like.

*Miskis v. State*, 756 S.W.2d 350, 352 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). Though the proponent of evidence carries the burden of establishing all predicate requirements for admissibility, a failure by one opposing admission of evidence to voice a timely, specific objection generally results in waiver of the objection. *See* Tex. R. App. P. 33.1(a).

Appellant objected to the admission of the hammer as demonstrative evidence as "prejudicial and not proper." Appellant did not mention the original hammer's availability or its admissibility, nor did appellant request a limiting instruction on this issue. Appellant therefore presents nothing for review with respect to *Miskis* factors (1), (2), and (5). *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 105(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001). Even had appellant preserved error on those factors, we conclude that admission of the evidence was not error.

4

First, with regard to factor (1), the record reflects that the original hammer was unavailable. The State could not establish the necessary chain of custody for its admission as real evidence. Second, with regard to factor (2), had the original hammer been available, nothing in the record indicates that it would have been inadmissible. Appellant threatened to kill Cattan with a hammer; Cattan and Knight testified to seeing appellant with an object in her hand; and a hammer was found near appellant's apartment. The original hammer would have been relevant to the determination of whether Cattan was in fear of imminent serious bodily injury at the time of the offense.

Third, with regard to factor (5), although the jury was not specifically instructed in the manner suggested by *Miskis*, the State's questioning clearly accomplished what the instruction would have:

STATE: Now, Officer, do you remember the hammer that was seen at the scene?

OFFICER: Yes.

STATE: Do you remember what it looked like?

OFFICER: Yes.

STATE: What color was it?

OFFICER: Like yellow and orange in color.

STATE: Now, is this - - what I'm showing you, is this similar to what you saw that day?

OFFICER: Yes.

STATE: It's similar in size?

OFFICER: And color.

STATE: Similar in color?

OFFICER: Uh-huh.

STATE: Now, you said shape, size, and color are similar?

OFFICER: Yes.

STATE: Would it aid the jury if they were able to observe this? In its similarities, would it aid them in understanding your testimony? Your Honor, for demonstrative purposes, we move to introduce State's 11.

. . .

STATE: Now, Officer Butler, could you indicate with this demonstrative the hammer on the scene on that day in June, how was that hammer that you received at the scene, how was it positioned?

Nothing in the State's questioning suggests that the demonstrative hammer was in fact the original hammer. The record clearly indicates that the admitted evidence illustrated what the object used in the offense looked like.

We turn now to *Miskis* factors (3) and (4), the crux of appellant's challenge to the admission of the demonstrative hammer (and ultimately the denial of her motion for mistrial). First, with regard to factor (3), the demonstrative hammer was relevant.[1] Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401; *see also Montgomery v. State*, 810 S.W.2d 372, 376 (Tex. Crim. App. 1990). To be relevant, evidence must be probative and material. *Rachal v. State*, 917 S.W.2d 799, 816 (Tex. Crim. App. 1996). The hammer—which, according to Officer Butler's testimony, was capable of being used to inflict serious bodily injury—was material to the question of whether the complainant was in fear of imminent serious bodily injury. *See id.* (material evidence means evidence that would be "of consequence" to a question at issue). The hammer was also probative—that is, it had a tendency to make the consequential fact more probable or less probable—

---

[1] The State contends that appellant waived this argument by failing to preserve error. We assume, without deciding, that appellant preserved this error.

6

because the metal construction of the hammer's head tended to prove its utility for inflicting serious bodily injury.

Second, with regard to factor (4), the probative value of the demonstrative hammer outweighs its inflammatory effect. Relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. Likewise, relevant demonstrative evidence is admissible unless it is "expressly inflammatory." *Posey v. State*, 763 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd).

The record does not demonstrate that the use of the hammer as a demonstrative aid at trial was overly inflammatory or that any distinguishing attribute of the demonstrative hammer, when compared to that of the original hammer, significantly affected the probative value of the demonstrative hammer. *See Simmons*, 622 S.W.2d at 113–14; *Onwukwe v. State*, 186 S.W.3d 81, 85 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Specifically, Officer Butler testified that the demonstrative hammer was similar in appearance and construction to the one she found at the apartment complex, which imbues the hammer with considerable probative value. *See Miskis*, 756 S.W.2d at 352 (when object used as demonstrative evidence differs in its distinguishing characteristics, its probative value will be very slight). Furthermore, the State used the demonstrative hammer solely to illustrate for the jury the construction of the original hammer and how the original hammer was positioned against a tree when it was found. *See Simmons*, 622 S.W.2d at 113 (demonstrative evidence is admissible if it sheds light on the subject at hand). Therefore the State's use of the demonstrative hammer, at most, had a slight potential to inflame the jury. This is particularly true in light of the fact that in closing argument, appellant's counsel raised the demonstrative hammer over her head and repeated appellant's threat to illustrate for the jury how the

7

hammer might be used to threaten someone.

Our analysis of the *Miskis* factors weighs in favor of admission. The trial court did not err in admitting the hammer as demonstrative evidence. Because appellant's right to a mistrial presupposes a highly prejudicial and incurable error, the trial court did not abuse its discretion in denying appellant's motion for mistrial. *See Simpson*, 119 S.W.3d at 272. Accordingly, we overrule appellant's issue.

## IV. Conclusion

The trial court's judgment is affirmed.

/s/           Marc W. Brown
                 Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).