

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00173-CR
_____

DARRELL LYNN HOLLEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 10,889; Honorable William D. Smith, Presiding

December 3, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Darrell Lynn Holleman was convicted by a jury of unlawful possession of a firearm, enhanced, and sentenced to fifteen years confinement and a $5,000 fine.[1] By a sole issue, Appellant maintains the trial court abused its

---

[1] TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011). The offense is a third degree felony. *Id.* at 46.04(e). The jury found the enhancement allegation of aggravated assault to be true and Appellant was sentenced for a felony of the second degree. *Id.* at 12.42(a).

discretion and denied him due process and equal protection of law when it admitted, over objection, a handgun as "similar" to the firearm he allegedly possessed. We affirm.

BACKGROUND

Appellant was convicted in 2009 for aggravated assault with a deadly weapon and sentenced to three years confinement. He was released in 2011.[2] During the evening on April 12, 2012, officers were dispatched to a domestic disturbance call to a home where Appellant was living with his girlfriend. Numerous other relatives of Appellant's girlfriend were also living there, including her adult daughter, son-in-law and grandchildren. Several visitors were also at the home that evening.

Appellant, who was intoxicated, and one of the visitors engaged in an argument which escalated when Appellant retrieved his girlfriend's gun, a black 9 millimeter pistol,[3] from a bedroom closet and threatened the visitor. One of the residents called 911 while Appellant's girlfriend's son-in-law attempted to disarm Appellant. He was unable to take the gun from Appellant but was able to release the clip.

When officers arrived, Appellant was no longer in possession of the weapon. According to Appellant's girlfriend, she accompanied an officer to the bedroom closet so he could note the gun's serial number. The officer did not seize the gun. She had no explanation for how the gun had been returned to the closet shelf after the incident which led to the 911 call. Appellant advised the corporal he had previously been

---

[2] Section 46.04(a)(1) of the Penal Code provides in part that a felon commits an offense if he possesses a firearm after conviction and before the fifth anniversary following his release.

[3] Pawn shop business records established that the firearm possessed by Appellant was a "Hi-Point C9 Serial #P071120 pistol" and his girlfriend had recently purchased it in March 2012.

2

incarcerated for a felony and the corporal arrested him for unlawful possession of a firearm by a felon.

Appellant's girlfriend posted bond, and he was released the next day and resumed living with his girlfriend. A week after his arrest, an officer called and asked to come by to photograph the gun. Appellant's girlfriend met the officer at her home, but when they looked in the closet, the gun was missing. It was not found in the house. When questioned by his girlfriend about the gun, Appellant responded with violence and told her "it would never be found."

The gun was never recovered. During trial, a "similar" gun was admitted over defense counsel's relevance objection. Multiple witnesses testified that the gun depicted was "substantially similar in every way," "very similar," "almost exactly like," and "substantially the same" as the actual gun brandished by Appellant on the occasion in question. Specifically, during her testimony, Appellant's girlfriend confirmed the State's exhibit was "substantially similar" to her gun. The State responded to Appellant's trial objection by arguing the gun was solely being used as "demonstrative evidence." The defense requested and was granted a jury instruction that the gun was not the actual firearm used by Appellant and was only being admitted for demonstrative purposes.[4]

---

[4] Prior to publication of the exhibit to the jury, the trial court instructed the jury as follows:

> The jury will be instructed that this is not the exact gun. This is done only for demonstrative purposes only. And the jury will consider the evidence only for those purposes.

A similar instruction was not, however, included in the *Charge of the Court* at the guilt/innocence phase of trial.

STANDARD OF REVIEW

Demonstrative evidence is admissible in a criminal trial if it tends to solve some issue in the case and is relevant—i.e., if it has evidentiary value. *Simmons v. State*, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981). A trial court's admission of demonstrative evidence is reviewed for abuse of discretion. *Id.* It is within the trial court's discretion to admit into evidence a similar type weapon or instrument used in the commission of an offense if it is relevant and material to an issue in the trial, is not overly inflammatory, and the original, if available, would have been admissible. *Id.* A weapon described as "like," "similar to," "pretty much the same," and comparable words or phrases are admissible as an aid to the jury in interpreting and understanding the testimony adduced at trial. *Id.* at 113-14.

## ANALYSIS

Appellant asserts the trial court abused its discretion in admitting, over objection, a handgun as "similar" to the firearm he allegedly possessed. We disagree.

The following is the test for admission of demonstrative evidence: (1) the original is not available; (2) if available, the original would be admissible; (3) it is relevant *and* material to an issue in controversy; (4) its probative value outweighs any inflammatory effect; and (5) the jury is instructed that the object is not the object used in the commission of the crime and is to be considered by the jury solely as evidence that *demonstrates* or *illustrates* what the object used in the offense looks like. *Miskis v. State*, 756 S.W.2d 350, 352 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (emphasis in original).

4

Appellant argues State's Exhibit No. 1 consisting of a "similar" gun was neither relevant nor material to an issue at trial because possession was not disputed. He asserts the prejudicial effect of a "similar" gun outweighed its probative value. Relying on *Orrick v. State*, 36 S.W.3d 622, 626 (Tex. App.—Fort Worth 2000, no pet.), he maintains that admission of a similar gun was unnecessary to resolve an element of the case—it was not relevant and material to an issue in controversy when several witnesses and pawn shop business records established his possession of a firearm.

The evidence established the original gun was not available. Had the gun been located it would have been admissible as direct evidence to establish Appellant possessed a firearm. The jury was properly instructed that the exhibit was not the actual gun in question and was being admitted for demonstrative purposes only. Although the similar gun's probative value was slight, it did not have an inflammatory effect. During deliberations, the jury did submit three questions to the trial court, but none were regarding the demonstrative evidence.

Appellant's arguments notwithstanding, the gravamen of the charged offense was that he was a felon and he possessed a firearm. During trial there was questioning on whether Appellant could have possessed a pellet or BB gun. Such guns are not considered firearms. *See Perez v. State*, No. 07-12-00451-CR, 2014 Tex. App. LEXIS 5630, at *2-3 (Tex. App.—Amarillo May 23, 2014, pet. ref'd) (mem. op., not designated for publication) (reforming judgment to reflect a BB gun is not a firearm). Thus, it was relevant and material to show the jury a similar gun to the one possessed by Appellant on the night in question. Applying *Simmons* and the test in *Miskis*, we conclude the trial

5

court did not abuse its discretion by admitting a "similar" gun as demonstrative evidence. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.